# United States Court of Appeals for the Fifth Circuit

---

No. 25-10721
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2025

Lyle W. Cayce
Clerk

THEOTIS LEE HODGE,

*Plaintiff—Appellant*,

*versus*

DUSTIN ZIMMERMAN, *Correctional Officer V, Sergeant*; JAMES JUDD, *Captain*; JAMES VILLEGAS, *Major*; SHELIA BRISCOE; STEPHANIE PATTON, *Head Grievance Investigator*; JUSTIN PEREZ, *Counsel Substitute*; VICKIE BROWN, *Counsel Substitute II*; AMY GARCIA, *Head of Classification*; ANGELIQUE TURNER, GRIEVANCE; TIMOTHY HOOPER, *Assistant Warden*; KIM MASSEY, *Classification*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CV-200

---

Before STEWART, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10721

Theotis Lee Hodge, Texas prisoner # 00504582, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The district court granted summary judgment in favor of the defendants, concluding that Hodge's attempt to seek damages for his disciplinary conviction was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and denied Hodge's postjudgment motion. Hodge has now moved for leave to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Hodge contends he should be allowed to proceed IFP because the district court granted IFP status when he sought to appeal from the district court's interlocutory order dismissing his claims against defendant Sheila Briscoe for failure to effectuate timely service, although that appeal was dismissed for lack of jurisdiction. Any finding by the district court that Hodge would have raised a nonfrivolous appellate issue in that interlocutory appeal does not supplant the requirement that he must show he will present a nonfrivolous appellate issue in this appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). As he has not briefed any challenge to the dismissal of his claims against Briscoe, or to the dismissal of the claims he raised in his amended complaint, any such arguments are abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hodge does assert that the district court erred in concluding that his claims are barred by *Heck*. Although he acknowledges that *Heck* applies to challenges to disciplinary proceedings, *see Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997), he contends that because he is serving a 99-year sentence, the restoration of 180 days of lost good time credits will likely have no effect on

2

whether he will ever be released from prison. We have held that the favorable-termination requirement of *Heck* "is unconcerned with custody" and that "favorable termination is one element of a § 1983 claim" challenging the validity of a conviction under *Heck*. *Wilson v. Midland Cnty., Tex.*, 116 F.4th 384, 388, 403-04 (5th Cir. 2024) (en banc), *petition for cert. filed* (U.S. Dec. 12, 2024) (No. 24-672). Hodge is unable to show that the effect of the challenge to his disciplinary conviction on his overall custodial status has any relevance to the applicability of *Heck*. Because his claims are barred by *Heck*, we need not address Hodge's arguments regarding qualified immunity and the existence of a valid constitutional claim.

Hodge does not make the requisite showing that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion for IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Our dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Hodge is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).